**Commonwealth v. McConnell**

*William F. Morgan,* District Attorney, for Commonwealth.

*H. Robert Hampson,* for defendant.

WOLFE, P. J., March 30, 1972.—This matter is before the court on appeal by defendant from his conviction in the magistrate court for violation of The Vehicle Code, April 29, 1959, P. L. 58, sec. 828(c), 75 PS §828, Prevention of Noise.

On December 1, 1971, defendant was stopped by the Pennsylvania State Police as he was traveling southerly on Legislative Route 62 in the Village of North Warren for a routine traffic check. The officer stopped the vehicle at random and had no particular reason for doing so. In conducting a routine search, the officer viewed beneath the vehicle and observed what he described as a "glass pack muffler" attached to the exhaust system and, in fact, used as the exhaust muffler. As a consequence, the officer issued a citation for violation of section 828(c).

The officer testified, and a similar muffler was placed into evidence, that the muffler in question was cylindrical in shape and could be looked through from one end to the other without any intervening baffles. It was his opinion, operators used this type of muffler for greater exhaust flow which, in turn, resulted in a better engine performance and such mufflers emitted more noise. In his opinion, no car came equipped from the factory with such a type of muffler.

It was the officer's opinion that the muffler in question was illegal and, consequently, the charge was made.

For defendant's part, he did not testify; however, his father stated the car belonged to him and he had purchased it for his son in July of 1971. He had replaced the muffler in September 1971 because the original muffler was defective and he had used the muffler in question to replace the original. In his opinion, the results emitted no more noise than the muffler from his own vehicle. This muffler was purchased on the open market from Sears Roebuck and the father had no indication that there was anything illegal in the use of it.

The officer acknowledged the muffler did not emit excessive noise; however, he did state that when the vehicle was idling he noted it was louder than the usual muffler on a car coming originally from the factory.

Defendant, at the conclusion of all the testimony, argued the Commonwealth has failed to make out its case as it did not indicate under which subsection of subsection (c) of section 828 defendant was charged with on the citation issued to him on the date of arrest. To dispose of this argument, it is acknowledged the officer merely indicated section 828, subsection (c), was violated. However, we hold, after going into the merits of the case, it is too late to then raise a question in the nature of a motion to quash and the court must resolve the case on its merits. In passing, however, we believe the Commonwealth should set forth the exact subsection of subsection (c) with which defendant is charged. Upon reading, the four subsections of subsection (c) are different and all do not necessarily apply to the same course of conduct and, under ordinary circumstances, it is the court's opinion

that a motion to quash for failure to specify the particular subsection would normally be granted.

Turning to the merits of the Commonwealth's case, the court cannot conclude it has carried its burden of proof beyond a reasonable doubt. Accepting the officer's testimony of his intent to charge under subsection (3), we cannot conclude the evidence indicates the muffler used appreciably increased the noise. The only testimony on this point was that when defendant's vehicle was idling it made a louder noise than that of a factory equipped muffler. This was balanced by the testimony from defendant's father that the noise to him was not excessive.

We think the Commonwealth's case must fail not from the standpoint that the muffler did not increase the noise but rather there was insufficient evidence to indicate to the court to what degree the noise was increased. Merely for the arresting officer to state in his opinion it emitted more noise than a factory equipped muffler, in this court's opinion, is insufficient. We think there should be some testimony to indicate that the noise emitted would be offensive or such that would be disturbing to other users of the highway and pedestrians as well as those living along the highway to cause a disturbance. There was no such testimony in this case, and we think the legislature had this in mind by injecting subsection (d) providing no violation charging excessive noise from a muffler can be maintained except through the testimony of at least two peace officers that, in their opinion, the noise was excessive and each describing such excessive noise.

This entire question was discussed at length in Commonwealth v. Zimmerman, 39 D. & C. 2d 765 (1966), wherein defendant was arrested for allegedly violating subsection (a) of section 828 and therein

the court held there was no evidence that the officers *made any measure* of the exhaust noise of defendant's vehicle and, as a consequence, found that the Commonwealth failed in its burden of proof.

Also, in Commonwealth v. McDonald, 19 D. & C. 2d 253, 256 (1959), the court found, "the purposes of subsection (b) and (c) are obviously to spell out in detail the prohibited uses of cut-outs, by-passes, the removal of certain internal parts of mufflers and the modification of exhaust systems. Subsection (a) was undoubtedly designed to protect the public from the muffler which has become disintegrated by rust or other causes as well as the ingenuity of the hot rodder who can devise means to adjust mufflers by methods not covered in subsections (b) and (c) so as to loudly proclaim his presence upon the highways of the Commonwealth."

By this holding we do not mean the Commonwealth has the duty of comparing noise by zones of the alleged modified, altered or relocated muffler or exhaust system with one that has not been so modified, altered or relocated; however, we do hold the evidence must be sufficient, as stated, to reflect the noise emitted is of an offensive and disturbing nature to the ordinary person and the alteration was done primarily to reach the effect of emitting more noise. A mere statement by the arresting officer that when the vehicle was idling it emitted more noise than a standard vehicle is insufficient.

For these reasons, we make the following

## ORDER

And now, to wit, March 30, 1972, defendant is found not guilty as charged, costs are placed on the Commonwealth and defendant is discharged. Exceptions to the Commonwealth.